Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
KEVIN LAMAR

FILED
NOV 18 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

KEVIN LAMAR,

    Plaintiffs,

v.

PATENAUDE & FELIX, A.P.C.,

    Defendant.

Case No.: **C11-05593**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

## VERIFIED COMPLAINT

KEVIN LAMAR (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against PATENAUDE & FELIX, A.P.C. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

- 1 -

VERIFIED COMPLAINT

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Hayward, Alameda County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with its headquarters in San Diego, San Diego County, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment of an alleged debt originally owed to Dell Financial.

12. Defendant calls Plaintiff up to four (4) times per day for approximately the past three (3) months.

13. Defendant calls Plaintiff on her cell phone and home phone.

14. Defendant yelled and screamed at Plaintiff.

15. Defendant threatened Plaintiff with legal action. To date, no lawsuit has been filed against Plaintiff by Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the debt collection.

   d. Defendant violated *§1692e(5)* of the FDCPA by threatening legal action against Plaintiff. To date no lawsuit has been filed against Plaintiff by Defendant.

   e. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect a debt.

HEREFORE, Plaintiff, KEVIN LAMAR, respectfully requests judgment be entered against Defendant, PATENAUDE & FELIX, A.P.C., for the following:

17. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and re-alleges all of the allegations in Count I of Plaintiff's Complaint

VERIFIED COMPLAINT

as the allegations in Count II of Plaintiff's Complaint.

21. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

    b. Defendant violated §1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment

    c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.* to wit: Sections 1692(c) and 1692d.

WHEREFORE, KEVIN LAMAR, respectfully requests judgment be entered against Defendant, PATENAUDE & FELIX, A.P.C., for the following:

22. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

23. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

24. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEVIN LAMAR, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: November 14, 2011    KROHN & MOSS, LTD.

By:_____
    Ryan Lee
    Attorney for Plaintiff

VERIFIED COMPLAINT

TOTAL P.002

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, KEVIN LAMAR, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, KEVIN LAMAR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10/26/2011

KEVIN LAMAR

P.002                                                                 OCT-27-2011 10:59